IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM LARRY MOORE, #319 670,   )
)
    Plaintiff,   )
)
v.   )   CIVIL ACTION NO. 2:20-CV-55-MHT
)   [WO]
CIRCUIT COURT OF CHILTON   )
COUNTY, AL, *et al.*,   )
)
    Defendants.   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a state inmate, filed this 42 U.S.C. § 1983 action on November 19, 2019.[1] Plaintiff did not submit the $350.00 filing fee or $50.00 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court.  Doc. 2.  In support of this request, Plaintiff provided financial information necessary to determine the average monthly balance in his inmate account for the 6-month period immediately preceding filing this complaint and the average monthly deposits to his inmate account during the past six months.

After a review of the financial information provided by Plaintiff and pursuant to 28 U.S.C. § 1915(b)(1)(A), the court determined that Plaintiff owed an initial partial filing fee of $18.40. Doc. 8 at 1–2.  The court therefore ordered Plaintiff to pay the initial partial filing fee by March 23, 2020. *Id.* at 2. In addition, this order specifically informed Plaintiff "that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee."  *Id.* The order also "advised [Plaintiff] that if he is unable to procure the initial partial filing fee within the time allowed . . .  he must inform

---

[1] Plaintiff originally filed this § 1983 action in the United States District Court for the Northern District of Alabama. The complaint was transferred to this court by order entered January 9, 2020. Doc. 5.

the court of such inability and request an extension of time within which to file the fee." *Id*. at 3. The order specifically cautioned Plaintiff that failure to pay the requisite fee within the time allowed . . . would result in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*.

By order entered March 17, 2020, the court granted Plaintiff's request for additional time to pay the initial partial filing fee making the fee due April 2, 2020. Doc. 10. The requisite time has passed and Plaintiff has failed to pay the initial partial filing fee.  The court, therefore, concludes this case is due to be dismissed. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for failure of Plaintiff to pay the initial partial filing fee under 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

It is further

ORDERED that **on or before May 18, 2020**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed factual findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 4th day of May 2020.

   /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE